# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| TANYA J. MCCLOSKEY, ACTING CONSUMER ADVOCATE | : No. 585 MAL 2019 |
| | : |
| | : |
| | : Petition for Allowance of Appeal |
| v. | : from the Order of the |
| | : Commonwealth Court |
| | : |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION | : |
| | : |
| | : |
| PETITION OF: METROPOLITAN EDISON COMPANY, PENNSYLVANIA ELECTRIC COMPANY, PENNSYLVANIA POWER COMPANY, WEST PENN POWER COMPANY | : |

## ORDER

**PER CURIAM**

    **AND NOW**, this 7th day of April, 2020, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by Petitioners, are:

(1) Did the [c]ourt depart from the principle of "plain language" interpretation it claimed to follow where its interpretation of Section 1301.1 of the Code disregards a significant component of the statutory definition of "rate" and, thereby, creates a conflict with specific express terms of Sections 1351, 1357 and 1358 of the Code that could have been avoided if the [c]ourt had followed prior precedent?

(2) Did the [c]ourt err in holding that the PUC was barred from considering the aids to statutory construction set forth in Sections 1921(c), 1922 and 1933 of the Statutory Construction Act even though the Court-endorsed interpretation of Section 1301.1 conflicts with the terms of other sections of the Code, would produce "a result that is . . . impossible of execution or unreasonable," and ignores ambiguities that exist within the four corners of Section 1301.1 itself?

(3)     Would the [c]ourt's interpretation of Section 1301.1 obstruct the General Assembly's stated purpose of promoting accelerated replacement of aging and deficient infrastructure across the Commonwealth by impairing the Pennsylvania utilities' ability to recover infrastructure replacement costs in the manner authorized by the express terms of Sections 1350-1360 of the Code?